Filed 9/15/22  P. v. Sam CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094900 |
| Plaintiff and Respondent, | (Super. Ct. No. 09F09113) |
| v. | |
| DERRICK SAM, | |
| Defendant and Appellant. | |

In 2013, defendant Derrick Sam was ordered to serve a life sentence after a jury found him guilty of murder and other offenses based on his participation in a robbery. The jury found true a felony-murder special circumstance allegation (a murder during a robbery).

After defendant's conviction, our Supreme Court issued two decisions providing substantial guidance on factors that must be considered by a jury in felony-murder special circumstance sentencing enhancements.  (*People v. Banks* (2015) 61 Cal.4th 788 (*Banks*);

1

*People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).)  Specifically, *Banks* clarified the factors that need to be considered in determining whether a defendant was a "major participant" in the underlying felony." (*Banks, supra*, at pp. 797-804.)  In *Clark*, the court clarified the factors that must be considered in determining whether a defendant acted with "reckless indifference to human life.  (*Clark, supra*, at pp. 611-623.)

In 2019, defendant filed a petition seeking to vacate his murder conviction and to be resentenced under former Penal Code section 1170.95.[1,2]  The trial court summarily denied defendant's petition, reasoning that the felony-murder special circumstance finding rendered defendant ineligible for relief under former section 1170.95 as a matter of law.  While defendant's appeal was pending, our Supreme Court held that a pre-*Banks/Clark* felony-murder special circumstance finding does not render a former section 1170.95 petitioner ineligible for relief as a matter of law.  (*People v. Strong* (2022) 13 Cal.5th 698 (*Strong*).)  Based on *Strong*, we must vacate the trial court's order and remand the matter for further proceedings not inconsistent with *Strong*.

## I.  BACKGROUND

### A.    *Defendant's case*

Given the nature of the instant appeal, a detailed recitation of the facts underlying defendant's convictions is unnecessary.  In sum, defendant and two compatriots lured the victim to the home of one of the compatriots under the pretext of a marijuana transaction, tied him up, and beat him.  They then drove the victim's car to his home, tied up the

---

[1] Undesignated statutory references are to the Penal Code.

[2] The Legislature amended former section 1170.95 effective January 1, 2022, under Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551).  This amendment to former section 1170.95 has no impact on the issues raised by this appeal.

Effective June 30, 2022, former section 1170.95 was recodified without substantive change to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  In this opinion, we shall continue to refer to this section as former section 1170.95.

victim's wife, and stole marijuana plants. They then took the victim to a nearby spot and shot and killed him. The next day, the victim's car was burned. (*People v. Shorter et al.* (Sept. 7, 2016, C072977) [nonpub. opn.] (*Shorter*).)

A jury found defendant guilty of first degree murder (§ 187, subd. (a)), first degree robbery (§§ 211 & 213, subd. (a)(1)(A)), kidnapping (§ 207, subd. (a)), torture (§ 206), arson (§ 451, subd. (d)), and carjacking (§ 215). The jury also found true that defendant committed the murder while he was engaged in a robbery. (§ 190.2, subd. (a)(17).) In 2013, the trial court sentenced defendant to life without the possibility of parole, plus a determinate term of 11 years four months in state prison. On appeal, we affirmed the judgment. (*Shorter, supra*, C072977.)

B.     *Defendant's petition*

In March 2019, defendant filed a petition for resentencing under former section 1170.95. He attached a declaration stating a complaint was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; that he was not the actual killer; that he was not a major participant in the felony or he did not act with reckless indifference to human life during the course of the crime. The prosecution opposed defendant's motion, arguing that Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015; Senate Bill No. 1437) is unconstitutional and that defendant was ineligible for relief because he had been convicted of a special circumstance murder. Defendant, with the assistance of counsel, responded that the robbery-murder special circumstance finding did not render him ineligible because his trial took place before *Banks* and *Clark*, which led to changes in the jury instructions regarding "reckless indifference" and "major participant."

In September 2021, the trial court denied defendant's petition. The court noted that the jury had been instructed with CALCRIM No. 703 regarding all of the alleged special circumstances, and this instruction required the jury to find that defendant either was the actual killer, acted with intent to kill, or was a major participant in the underlying

felony who acted with reckless indifference to human life. As such, in finding the robbery-murder special circumstance to be true, the jury necessarily found true beyond a reasonable doubt that defendant either was the actual killer, acted with intent to kill, or was a major participant in the robbery who acted with reckless indifference to human life. The trial court also quoted portions of our prior opinion in this matter, noting that we affirmed the judgment and also rejected co-defendant Shorter's argument that the evidence was insufficient to support the jury's robbery-murder special circumstance finding. In addition, we previously held the jury had been properly instructed regarding the robbery-murder special circumstance finding. The trial court reasoned that defendant had the opportunity to challenge the sufficiency of the evidence supporting the robbery-murder special circumstance finding in his appeal, including the impact of *Banks* and *Clark*. Defendant also could have raised the issue in his petition for review, or in a habeas petition, but there was no indication defendant had done so. The court reasoned that, to the extent defendant was now challenging the sufficiency of the evidence supporting the robbery-murder special circumstance finding in light of *Banks* and *Clark*, his proper remedy was to file a habeas petition. Regardless, reasoned the court, the evidence from trial (as summarized in our prior opinion) was sufficient for a jury to conclude beyond a reasonable doubt that defendant was a major participant in the robbery who acted with reckless indifference to human life, even after *Banks* and *Clark*. The court then summarized all of the evidence in support of each factor under *Banks* and *Clark*.

## II. DISCUSSION

### A. *Legal Background*

Senate Bill No. 1437, which became effective on January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying

4

felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

Senate Bill No. 1437 also added former section 1170.95, which allows those convicted of felony murder or murder under the natural and probable consequences theory to petition the trial court to vacate and resentence the defendant. (Former § 1170.95, subd. (a).) "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (Former § 1170.95, subd. (c).)

The prima facie inquiry under section former 1170.95 subdivision (c) is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid.*) Although the court may rely on the record of conviction (including a prior appellate court opinion) in determining whether defendant has made a prima facie showing, the court

5

"should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972; see *id.* at p. 971.)

B.    *Analysis*

Defendant contends that the trial court erred in determining he did not fall within the provisions of former section 1170.95 given the jury's robbery-murder special circumstance finding. Defendant further argues the trial court engaged in improper factfinding and weighing of evidence when it determined that the evidence was sufficient to support the special circumstance finding.

Our Supreme Court recently made clear that when, as here, a defendant's case "was tried before both *Banks* and *Clark*, the special circumstance findings do not preclude him from making out a prima facie case for resentencing under section 1172.6 [(former section 1170.95)]." (*Strong, supra*, 13 Cal.5th at p. 721.) "This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Id.* at p. 710*.*) The *Strong* court noted that the *Banks* and *Clark* cases "both substantially clarified the law governing findings under . . . section 190.2, subdivision (d)." (*Id.* at p. 706.)

Here, the jury made its special circumstances finding more than two years before *Banks* and *Clark*. Pursuant to *Strong*, that finding does not preclude defendant from stating a prima facie case for relief. (*Strong, supra*, 13 Cal.5th at p. 721.) And, regardless of the trial court's evaluation of the trial evidence, *Strong* makes clear that a defendant's prima facie case is not barred even if the trial evidence was sufficient to support the special circumstance finding after *Banks* and *Clark.* (*Id.* at p. 710; *People v. Lewis, supra*, 11 Cal.5th at p. 972 [in reviewing the record at the prima facie stage, "a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion' "].)

Defendant's resentencing petition was facially sufficient and alleged the essential facts necessary for relief under former section 1170.95. Nothing in the record

6

demonstrates defendant is ineligible for relief as a matter of law, so we must remand the matter for the trial court to issue an order to show cause and, to the extent necessary, conduct an evidentiary hearing.  (Former § 1170.95, subd. (d).)  We express no opinion on the ultimate resolution of the petition.

### III.  DISPOSITION

The trial court's order denying defendant's former section 1170.95 petition is reversed.  On remand, the court is directed to issue an order to show cause and, to the extent necessary, hold an evidentiary hearing on the petition.

/S/

_____

RENNER, J.

We concur:

/S/

_____

MAURO, Acting P. J.

/S/

_____

HOCH, J.

7